UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MIGUEL PANTOJA,

        Plaintiff,

  -against-                      **MEMORANDUM AND ORDER**
                                        13-CV-3691(FB) (PK)
MAREDIN REST. CORP. and PETER
PLEVRITIS,

        Defendants.
--------------------------------------------------x

*Appearances:*
For the Plaintiff:                                  For the Defendants:
BRANDON SHERR, JUSTIN ZELLER           JAMES DRUKER
277 Broadway Ste 408                             1325 Franklin Avenue, Suite 225
New York, NY 10007                               Garden City, NY 11530

**BLOCK, Senior District Judge:**

      The plaintiff, Miguel Pantoja, worked as a waiter for defendant Maredin Restaurant Corporation ("Maredin"), which is owned by defendant Peter Plevritis. Pantoja moves for summary judgment on his Fair Labor Standards Act ("FLSA") and New York Labor Law claims that the defendants failed to pay him the minimum wage, overtime, spread-of-hours pay, uniform maintenance, and also failed to provide the requisite hiring notices and pay statements.[1] The defendants concede that Pantoja was

---

[1] 29 U.S.C. § 206 & N.Y. Lab. Law § 652(1) (minimum wage); 29 U.S.C. §§ 207(a)(1) & N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4 (overtime); N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (spread-of-hours pay); N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.7; N.Y. Lab. Law § 195(1) (uniform maintenance); N.Y. Lab. Law § 195(1) & N.Y. Lab. Law § 198(1-b) (requisite

not paid the proper wages or furnished with the requisite documents; however, they argue (1) that Plevritis was not Pantoja's joint employer and is thus not a proper defendant, and (2) that factual questions remain that would impact the amount of damages Pantoja is entitled to.

With respect to Plevritis's status as a joint employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). This determination is informed by whether Plevritis "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). While this list is not exhaustive, "[w]hen an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer." *Zheng*, 355 F.3d at 67. The Second Circuit has also recognized that individual defendants can be held liable as joint employers under the FLSA when they "possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v.*

---

wage statements and notices).

2

*Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

Plevritis's role at Maredin included each of the "prerogatives" laid out in *Carter* and directly impacted Pantoja's employment. As the sole owner of Maredin, Plevritis had the power to hire and fire Maredin's employees; he also maintained control over Pantoja's work schedule, which is demonstrated by his reassigning Pantoja to work certain Sundays; Plevritis controlled the waiters' wages by requiring them to share tips; and Plevritis kept and maintained employee time-records. The fact that Plevritis had an extensive role at Maredin is bolstered by his deposition testimony:

> Q: Mr. Plevritis, tell me about your role with the diner. What are your responsibilities with the diner; what do you do?
>
> A: Run the place.
>
> . . .
>
> Q: Tell me what you do.
>
> A: I work there sometimes. Actually I am semi retired now because I have a problem with my health but I am always there running the place.
>
> Q: You are the person who makes decisions about how much employees are paid, aren't you?
>
> A: Yes.
>
> Q: You are the person who makes decisions about when employees work; isn't that right?
>
> A: Yes.
>
> Q: You keep records of the business isn't that correct?
>
> A: Yes.
>
> Q: You make all of the decisions to do with the restaurant; isn't that correct?

>A: Yes.
>
>Q: The buck stops with you?
>
>A: I do have my managers who hire people when I am not there.

Plevritis Dep. 94:12-95:16. Nonetheless, Plevritis argues that he was not Pantoja's joint employer because he was semi-retired and did not interact with the employees everyday, but "[a]n employer does not need to look over his workers' shoulders every day in order to exercise control." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1988). Moreover, despite testifying to being semi-retired, he stated that he is still "always there running the place." Plevritis Dep. 94:22-23. Therefore, no reasonable jury could find that Plevritis was not Pantoja's joint employer and both Maredin and Plevritis are liable to Pantoja.

The Court is unable, however, to determine as a matter of law the amount of damages Pantoja is entitled to because several factual issues remain. For one, the parties dispute the date Pantoja began working for Maredin; Plevritis testified that Pantoja started working for Maredin sometime in September or October 2011, whereas Pantoja claims to have began working for Maredin as early as June 2011. Second, the parties also dispute the length of the breaks Pantoja took; Plevritis testified Pantoja was given two one-hour breaks every day and was given free meals, whereas Pantoja testified that he only took one half-hour break each day and did not always take the meals. Additionally, whether Pantoja is entitled to statutory "liquidated" damages under the

4

FLSA and New York Labor Law may depend on whether Plevritis can demonstrate he acted in good faith. Accordingly, a trial is necessary to determine the extent of Pantoja's damages.

Because fixing Pantoja's damages requires further proceedings, the Court reserves judgment on the legal questions relevant to damages, such as whether Pantoja is entitled to prejudgment interest and double statutory damages. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 452 F. Supp. 1108, 1115 (S.D.N.Y. 1978) ("The issue is one of fact . . . that should be resolved at trial, and legal questions pertaining thereto . . . will be reserved for that time.").

Pantoja's motion for summary judgment is granted insofar as Maredin and Plevritis's liability is determined as a matter of law. The motion is denied with respect to a determination on damages which will be determined at a forthcoming trial.

**SO ORDERED.**

<u>/S/ Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 1, 2016