# SETTLEMENT AGREEMENT

**WHEREAS**, on July 1, 2013, Plaintiff, Miguel Pantoja ("Plaintiff"), filed, in the United States District Court for the Eastern District of New York, a complaint (hereinafter referred to as the "Complaint") in an action entitled, MIGUEL PANTOJA v. MAREDIN REST. CORP.; and PETER PLEVRITIS, jointly and severally, Case No. 13-CV-3691 (Kuo, J.), asserting violations of the Fair Labor Standards Act and New York Labor Law (the "Action"), seeking to recover unpaid overtime wages; and

**WHEREAS,** Plaintiff and Defendants, MAREDIN REST. CORP. and PETER PLEVRITIS (collectively "Defendants"), desire to fully and finally resolve and settle in full all claims that Plaintiff had, has, or may have against Defendants, ~~including, but not limited to, all claims and issues~~ that were or could have been raised in the Complaint;

**WHEREAS,** Plaintiff's Counsel and Defendants' Counsel have reached a settlement acceptable to the parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses;

**WHEREAS,** Plaintiff's Counsel and Defendants' Counsel have negotiated the attorneys' fees to be paid as part of this Agreement and have agreed that this is a fair and reasonable amount of attorneys' fees to be paid as part of the settlement of this Action;

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants that:

1. In consideration of the payment to Plaintiff by Defendants of Seventy Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount"), inclusive of Plaintiff's attorneys' fees, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants, their officers, directors, shareholders, employees, agents, parent companies, affiliates, insurers, predecessors, successors, subsidiaries, other related companies, heirs, and assigns, both individually and in their official capacities, from all claims brought in the Complaint

2. The parties agree that the Settlement Amount, inclusive of attorneys' fees referenced above, shall be paid in eleven (11) installments as follows:

    (a) *<u>Settlement Payment Number One (1) – Due on or before ten days after approval of this settlement agreement</u>*
    
    i. One (1) check payable to "Miguel Pantoja" in the total amount of Ten Thousand Ten Thousand Six Hundred and Fifty-Five Dollars ($10,655), in consideration of the settlement of his claims for unpaid wages;
    
    ii. One (1) check payable to "Miguel Pantoja" in the total amount of Ten Thousand Six Hundred and Fifty-Five Dollars ($10,655), in consideration of the settlement of his claims for nonwages damages; and
    
    iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of Eleven Thousand One Hundred and Ninety Dollars ($11,190), representing Plaintiff's attorneys' fees and costs.

(b) **_Settlement Payment Number Two (2) – Thirty (30) days after Settlement Payment Number One (1) is due_**
  i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
  ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
  iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.
(c) **_Settlement Payment Number Three (3) – Thirty (30) days after Settlement Payment Number Two (2) is due_**
  i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
  ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
  iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.
(g) **_Settlement Payment Number Four (4) – Thirty (30) days after Settlement Payment Number Three (3) is due_**
  i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
  ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
  iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.
(h) **_Settlement Payment Number Five (5) – Thirty (30) days after Settlement Payment Number Four (4) is due_**
  i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
  ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
  iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.
(i) **_Settlement Payment Number Six (6) – Thirty (30) days after Settlement Payment Number Five (5) is due_**

- i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
- ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
- iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.

(j) **_Settlement Payment Number Seven (7) – Thirty (30) days after Settlement Payment Number Six (6) is due_**
- i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
- ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
- iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.

(k) **_Settlement Payment Number Eight (8) – Thirty (30) days after Settlement Payment Number Nine (9) is due_**
- i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
- ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
- iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.

(l) **_Settlement Payment Number Nine (9) – Thirty (30) days after Settlement Payment Number Eight (8) is due_**
- i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
- ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
- iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.

(m) **_Settlement Payment Number Ten (10) – Thirty (30) days after Settlement Payment Number Nine (9) is due_**

    i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
    ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
    iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.
  (n) **_Settlement Payment Number Eleven (11) – Thirty (30) days after Settlement Payment Number Ten (10) is due_**
    i. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for unpaid wages;
    ii. One (1) check payable to "Miguel Pantoja" in the total amount of One Thousand Two Hundred Thirty Dollars ($1,230), in consideration of the settlement of his claims for nonwages damages; and
    iii. One (1) check payable to the "Law Office of Justin A. Zeller, P.C." in the total amount of One Thousand Two Hundred and Ninety Dollars ($1,290), representing Plaintiff's attorneys' fees and costs.

Upon the parties' execution of this agreement, the parties shall jointly deliver this agreement, a fairness letter, and the signed Stipulation and Order of Dismissal to Magistrate Judge Peggy Kuo to be "SO ORDERED."

  3.  In the event Defendants fail to make any payment under the terms of this Agreement when due, and should such failure continue without cure for a period of ten (10) days following the due date of any such payment, Defendants shall be deemed to be in default of their obligation to make payment under the terms of this Agreement.

  4.  In the event Defendants are in default of their obligation to make payment under the terms of this Agreement, Plaintiffs may immediately enter judgment against Defendants for Seventy Thousand Dollars ($70,000.00) less any sum already paid, (the "Balance Amount"). A declaration by Plaintiff's counsel setting forth the fact and of such default, the date of such default, the failure of Defendants to cure such default as provided herein, and the amount of the Balance Amount, shall be sufficient for the entry of judgment in favor of Plaintiff against Defendants for the Balance Amount.

  5.  This Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

  6.  This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

  7.  This Agreement may only be modified, altered or changed in writing, signed by the parties.

  8.  This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The parties agree that the

United States District Court assigned the instant Action will continue to have jurisdiction over this Agreement.

    9.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

    IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement.

_____
Dated: _____    Miguel Pantoja


_____
Peter Plevritis, for himself and for Maredin
Dated: _____    Rest Corp.

STATE OF NEW YORK    }
    } S.S.
COUNTY OF _____}

    On _____, 2017, before me personally came MIGUEL PANTOJA, to me known, and known to me to be the individual described in, and who executed the foregoing Agreement and General Release, and duly acknowledged to me that she executed the same.


_____
NOTARY PUBLIC

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL PANTOJA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>–against–<br><br>MAREDIN REST. CORP.; ATLANTICO BAKERY CORP., and JERRY LIBERATOS, jointly and severally,<br><br>Defendants. | STIPULATION AND ORDER OF DISMISSAL<br><br>13 CV 3691 (PK) |

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees as to all claims in the above-captioned lawsuit be dismissed with prejudice, with each party to bear its own fees and costs. The Court retains jurisdiction over the settlement agreement resolving this action.

| | |
|---|---|
| **Law Offices Justin A. Zeller, P.C.**<br>*Attorneys for Plaintiff*<br><br>By:_____<br>   Justin A. Zeller, Esq.<br>   277 Broadway, Suite 408<br>   New York, New York 10007 | **Kase & Druker**<br>*Attorneys for Defendants*<br><br>By:_____<br>   James O. Druker, Esq.<br>   1325 Franklin Avenue, Ste 225<br>   Garden City, NY 11530 |

**So Ordered:**

_____